**SIGNED THIS: April 12, 2012**

_____
**Thomas L. Perkins
United States Chief Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| FASTECH SERVICES, INC., | )    No. 10-81323 |
| | ) |
| Debtor. | ) |

**O P I N I O N**

Before the Court is the petititon for administrative expenses (Doc. 362) filed by the Sheet Metal Workers Local 218 (LOCAL 218) for fringe benefits in the amount of $42,342.18 and the application for administrative expenses (Doc. 352) filed jointly by Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), National Energy Management Institute Committee ("NEMI"), Sheet Metal Occupational Health Institute Trust ("SMOHI"), Sheet Metal Workers International Association Scholarship Fund ("SMWIASF") and National Stabilization Agreement of the Sheet Metal Industry ("SASMI") (together the "FUNDS"),

for aggregate contributions in the amount of $8,488.76, interest of $378.09 through June 10, 2011 and liquidated damages in the amount of $1,968.80.

The Debtor, FasTech Services, Inc. (DEBTOR), a company formed from the merger of several companies, providing construction and related services as an HVAC contractor in the construction industry, filed a chapter 11 petition on April 22, 2010, and operated its business as a debtor-in-possession until the case converted to chapter 7 on June 10, 2011. Through R.J. Power Plumbing & Heating Company, one of its subsidiaries, the DEBTOR employed union sheet metal workers pursuant to certain collective bargaining agreements (CBAs) with Sheet Metal Workers Local 218. The DEBTOR took no action in the bankruptcy case to reject or modify the CBAs, under section 1113 or otherwise.

The wages due the sheet metal workers for their postpetition, preconversion services have been fully paid by the DEBTOR. The CBAs required the DEBTOR to pay certain fringe benefits to LOCAL 218. LOCAL 218 has represented that the sum it claims as due in the amount of $42,342 is entirely for fringe benefits earned on account of postbankruptcy, preconversion services, and does not include any interest, penalties or liquidated damages. In reliance on this representation, the Chapter 7 Trustee, A. Clay Cox, is not objecting to the allowance of the claimed amount as a chapter 11 administrative priority expense. A separate order will be entered allowing the expense.

The CBAs also required the DEBTOR to make certain contributions to the FUNDS on account of the postbankruptcy, preconversion services performed by the sheet metal workers, which the DEBTOR failed to pay, incurring contractual liability for interest and penalties. Trustee Cox does not dispute that the contributions were not paid and are

2

properly treated as chapter 11 administrative priority expenses. Whether the interest and liquidated damages should be accorded administrative priority status is at issue.

The FUNDS claim priority under Bankruptcy Code §§ 507(a)(2) and 503(b)(1)(A). Under the latter section, there shall be allowed administrative expenses, including "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, and commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A). The services must have provided a postpetition benefit to the estate. *In re A.C.E. Elevator Co., Inc.,* 347 B.R. 473, 481 (Bankr.S.D.N.Y. 2006). The categories of administrative expenses listed in section 503(b) are intended to be illustrative, not exhaustive. *In re Supermarket Investors, Inc.,* 441 B.R. 333, 343 (Bankr.E.D.Ark. 2010). Administrative priority claims are strictly construed so as not to unjustifiably dissipate limited estate assets. *In re SpecialtyChem Products Corp.,* 372 B.R. 434, 440 (E.D.Wis. 2007). The creditor bears the burden of showing an entitlement to administrative priority by a preponderance of the evidence. *Id.*

This Court recently addressed this issue in *In re T.A. Brinkoetter & Sons, Inc.,* --- B.R. ----, 2012 WL 1059329 (Bankr.C.D.Ill.), holding that liquidated damages are not entitled to administrative expense status and that interest at a reasonable (non-punitive) rate is entitled to administrative expense status but only to the extent of its preconversion accrual during the chapter 11 case, following *In re Colortex Industries, Inc.,* 19 F.3d 1371 (11th Cir. 1994). This Court's reasoning expressed in *Brinkoetter* applies and governs the outcome here, so that opinion is hereby incorporated by reference. Based upon that reasoning, the

contributions due the FUNDS, plus the interest that accrued before conversion on June 10, 2011, are allowable as chapter 11 administrative priority expenses, as follows:

| Fund | Contributions | Interest[1] |
|---|---|---|
| NPF | $4,496.64 | $200.27 |
| ITI | 281.04 | 12.52 |
| NEMI | 70.24 | 3.14 |
| SMOHI | 46.84 | 2.08 |
| SMWIASF | 23.40 | 1.05 |
| SASMI | 3,570.60 | 159.03 |

The request by the FUNDS for administrative priority status for the liquidated damages due under the CBAs on account of the DEBTOR'S failure to pay the contributions will be denied. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###

---

[1] Although not specified in the pleadings filed by the FUNDS, it appears from the Court's calculations that interest accrued at approximately 8.7% per annum, which this Court accepts as a reasonable, nonpunitive rate. Conveniently, the FUNDS had already calculated the interest on the unpaid contributions as ceasing on the date of conversion, June 10, 2011.